# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY CLARK WHITACRE, | ) | |
| Petitioner, | ) | Civil Action No. 13-1286 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| MARIMOSA LAMAS, *et al.*, | ) | |
| Respondents. | ) | |

## **MEMORANDUM ORDER**

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On April 19, 2016, the Magistrate Judge issued a Report (Doc. 70) recommending that the petition for a writ of habeas corpus, and the certificate of appealability, be denied. Service of the Report and Recommendation was made. On June 6, 2016 and June 21, 2016, Randy Clark Whitacre ("Petitioner") filed objections to the Report and Recommendation. (Docs. 78, 80).

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the Court makes the following findings:[1]

---

[1] Petitioner makes numerous objections, totaling in excess of 30 pages, exclusive of exhibits. The Court has engaged in a *de novo* review of all pleadings and documents, together with the Report and Recommendation and the Objections thereto. Only certain objections merit discussion above and beyond that which is included in the Report and Recommendation. All objections – whether expounded upon in this Memorandum Order or not – received *de novo* review by the Court.

Petitioner objects to the Report's statement that "Respondent argues that Claims One – Six, inclusive, and Claim Nine are procedurally defaulted and should be dismissed." (Doc. 78 at ¶ 14). He contends that Respondents argued for dismissal of those counts under a theory of non-exhaustion, not procedural default, and that the Court is precluded from considering procedural default *sua sponte*. (Id.). Although the lines between exhaustion and procedural default are fluid,[2] Petitioner is correct that Respondents declined to use the phrase "procedural default" in their Answer. (Doc. 12). However, a court has "the authority to raise the issue of procedural default *sua sponte*[,]" Evans v. Secretary Pennsylvania Dept. of Corr., 645 F.3d 650, 656 n.12 (3d Cir. 2011), as long as Petitioner is given fair notice and an opportunity to respond and is not prejudiced. See Day v. McDonough, 547 U.S. 198, 205-10 (2006) (raising statute of limitations *sua sponte*); United States v. Bendolph, 409 F.3d 155, 161-70 (3d Cir. 2005) (en banc) (same); Sweger v. Chesney, 294 F.3d 506, 520 n.3 (3d Cir. 2002) (courts may consider *sua sponte* whether procedural default bars claim); Szuchon v. Lehman, 273 F.3d 299, 321 n.13 (3d Cir. 2001) (same); Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997) (same). The Report and Recommendation gave Petitioner the required notice and he had an opportunity to respond to the issue of procedural default in Objections.

It is further noted that Petitioner anticipated that these claims may be deemed to be procedurally defaulted because in his Response to Respondents' Answer (Doc. 53), he addresses this issue head-on. Specifically, he writes "[t]o the extent that Respondent's [*sic*] allege that the Petitioner procedurally defaulted the above mentioned claims…." (Doc. 53 at ¶ 8). He additionally cites the rule announced in Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012),

---

[2] Petitioner's claims one through six, inclusive, and nine, in his pending habeas petition have not been fairly presented to the Pennsylvania courts and, as such, are unexhausted. The time for presenting these claims to the Pennsylvania courts has expired. See 42 Pa.C.S.A. § 9545(b). Thus the claims are procedurally defaulted.

2

asserting that "PCRA Counsel's ineffectiveness during Petitioner's initial-review collateral proceeding is an exception to the alleged procedural default." (Id. at ¶ 11). The record establishes that Petitioner received fair notice of the potential consideration of the procedural default doctrine; he had an opportunity to respond both within his Response to Respondents' Answer, and via his Objections to the Report and Recommendation; and he is not prejudiced by the Court's invocation of the doctrine. See Day v. McDonough, 547 U.S. 198.

Petitioner further objects to the conclusion in the Report and Recommendation that "Whitacre points to no evidence and makes no allegation concerning cause for his default or prejudice stemming therefore." (Doc. 78 at ¶ 16(a)-(aa)). That objection is sustained, as Petitioner indeed argues in his Response to Respondents' Answer that he overcomes procedural default. (Doc. 53 at ¶¶ 8-12). Whitacre, relying on Martinez, 132 S. Ct. 1309, contends that it was the ineffectiveness of his PCRA counsel that caused the default of claims one, two, three, four, five, six and nine. (Doc. 78 at ¶ 16).

For claims of *ineffective assistance of trial counsel* not preserved and thus defaulted on collateral review, Martinez provides a possible means for establishing cause to excuse the default. The Court notes that not all of Petitioner's procedurally defaulted claims (one – six and nine) relate to ineffective assistance of trial counsel. Of the claims that are procedurally defaulted, it is only Claims Five and Six that relate to alleged ineffective assistance of counsel at trial, and therefore it is only those two claims that could potentially be rehabilitated under the narrow exception set forth in Martinez. Martinez, 132 S. Ct. at 1315. As stated by Justice Kennedy in the majority opinion:

> when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding,[3] a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the <u>initial-review collateral proceeding</u>, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

<u>Id</u>. at 1318 (emphasis added). The Supreme Court noted that its holding "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." <u>Id</u>. at 1320. "Initial-review collateral proceedings" are those "which provide the first occasion to raise a claim of ineffective assistance at trial." <u>Id</u>. at 1315. In this case, the initial-review collateral proceeding was that initial proceeding before the PCRA court.

The Court finds that even if a procedural default does not bar federal habeas review, Whitacre cannot prevail on his ineffectiveness claims under <u>Strickland</u> and, therefore, has no basis for a claim pursuant to <u>Martinez</u>. Reviewing Whitacre's Claims Five and Six under the AEDPA's deferential standards of review – as set forth in the Report and Recommendation – the Court must conclude that said claims have no merit. (<u>See</u> Doc. 70 at pp. 18-19). Petitioner asserts that the prosecutor engaged in misconduct by moving for a continuance after jury selection had begun but before it was completed, and that the trial court abused its discretion in granting that motion. With respect to Claim Five, Petitioner asserts that his trial attorney engaged in ineffective assistance of counsel by failing to object to said alleged misconduct and abuse of discretion. First, Petitioner has failed to demonstrate that his attorney actually failed to

---

[3] Pennsylvania requires claims of ineffective assistance of trial counsel to be raised in an initial-review collateral proceeding like a PCRA proceeding. <u>Commonwealth v. Grant</u>, 813 A.2d 726, 738 (Pa. 2002) (claims of ineffective counsel should be raised on collateral review).

object to, or oppose, the prosecutor's motion. Moreover, he has not established that, even if his factual allegations are true, his attorney's act was unreasonable under Strickland. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Moreover, Whitacre has failed to adequately prove that he was prejudiced by the actions of his trial counsel in connection with Claim Five. He has not demonstrated a reasonable probability that, but for his attorney's alleged error, the result of the proceeding would have been different. See Strickland, 466 U.S. 668, 694. There is no evidence in the record that had his attorney objected to the prosecutor's motion to continue his trial, that the judge would have sustained that objection. There is also no evidence that had the case proceeded with the partially impaneled jury, that its outcome would have been affected in any way. Whitacre also fails to adequately demonstrate that his counsel during his initial PCRA proceeding was ineffective in failing to allege trial counsel's ineffectiveness on this particular issue.

A prisoner cannot be excused from default if the underlying ineffectiveness claim is insubstantial, lacks merit or factual support, or the attorney on collateral review did not perform below constitutional standards. Martinez, 132 S. Ct. at 1319. Accordingly, Claim Five is denied as Whitacre has failed to demonstrate that trial counsel committed unreasonable errors, that he was prejudiced by said errors, or that his PCRA counsel was ineffective in failing to argue ineffective assistance on these grounds. As such, he cannot meet the requirements of Martinez and Strickland to overcome his procedural default with respect to Claim Five, and that claim is dismissed.

With respect to Claim Six, Whitacre has also failed to prove that his trial attorney was ineffective due to: 1) failure "force the prosecution to redress the known false testimony of Douglas Dalessio", and, 2) failure to provide the trial court with the correct date of a certain

statement that Petitioner believes should have been admitted pursuant to the excited utterance exception to the ban on hearsay. (Doc. 61 at § VI). Petitioner believes that Mr. Dalessio, the victim's husband, perjured himself when he testified that their marriage was "good" and "happy." (Doc. 61). Petitioner also wanted the admission of a statement of the victim's mother, taken shortly after the shooting that reflected the potentially troubled state of that marriage. (Id.). He argues that his PCRA counsel, Mr. Mark Bolkovac, was ineffective in failing to point to trial counsel's, Mr. Thomas Ceraso, ineffectiveness on these points during his PCRA hearing. However, upon closer consideration of the hearing transcripts, it is clear that Mr. Bolkovac indeed questioned Mr. Ceraso about the defense theory that the marriage was unstable. (Doc. 27-2 "Exh. 39"). He specifically questioned Mr. Ceraso about Mr. Dalessio's testimony regarding his "good" marriage (Doc. 27-2 at p. 20), and further questioned him about the admissibility or lack thereof of the statement given by the victim's mother to the police. And, as made clear in the Report and Recommendation, the PCRA Court found Mr. Ceraso's testimony to be credible. The Court declines to find that Mr. Bolkovac engaged in ineffective assistance as alleged in Claim Six, and Whitacre has not adequately demonstrated the applicability of a Martinez exception. Accordingly, he cannot meet the requirements of Martinez and Strickland to overcome his procedural default and his claim is dismissed.

Further, to the extent that the habeas petition alleges ineffective assistance of PCRA counsel as a ground for relief, such a claim is non-cognizable in a habeas petition. The habeas statute specifically provides that habeas relief is not available for claims of ineffective assistance of counsel at post-conviction proceedings. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a

ground for relief in a proceeding arising under section 2254"). Therefore, under § 2254, Whitacre is barred from habeas relief for his claim of ineffective assistance of PCRA counsel.

The Court further notes that Whitacre did argue that he met the standard for the "fundamental miscarriage of justice" exception to procedural default. (Doc. 53 at ¶ 12). However, in light of his failure to point to any new evidence, the Court adopts the Report and Recommendation's finding that "[t]here is no question that the instant case is not the type of extraordinary case in which Whitacre can overcome the default of his claims by way of the miscarriage of justice exception." (Doc. 70 at p. 14).

For the reasons stated in the Report and herein, the following Order is entered:

The Petition of Randy Clark Whitacre for a writ of habeas corpus (**Doc. 1**) is **DISMISSED** and a certificate of appealability is **DENIED**. The Report and Recommendation of the Magistrate Judge, dated April 19, 2016, hereby is adopted as the Opinion of the District Court.

IT IS SO ORDERED.

July 11, 2016                                                      s\Cathy Bissoon
                                                                                       Cathy Bissoon
                                                                                      United States District Judge

cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

**RANDY CLARK WHITACRE**
FH-0857
SCI-Benner
301 Institution Drive
Bellefonte, PA 16823